

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2009

# Davila-Bajana v. Holohan

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1013

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Davila-Bajana v. Holohan" (2009). *2009 Decisions*. Paper 1920.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1920

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1013
_____

JUAN DAVILA-BAJANA,
                    Appellant

v.

TIM HOLOHAN, UNICOR BUSINESS MANAGER;
MARTY SAPKO, UNICOR FACTORY MANAGER;
DEBRA FORSYTH, SUPERINTENDENT OF INDUSTRIES;
DAVE ENGLISH, UNICOR GENERAL FOREMAN;
ROBERT KLARK, CAMP ADMINISTRATOR;
HOUSELER, SAFETY MANAGER;
UNITED STATES OF AMERICA
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-00253-E)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2009

Before:  RENDELL, FUENTES and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Filed: February 5, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Juan Davila-Bajana, proceeding pro se, appeals from the order of the United States District Court for the Western District of Pennsylvania, entering summary judgment in favor of Appellees. For the reasons that follow, we will affirm in part and vacate and remand in part.

At all relevant times, Davila-Bajana was a federal prisoner incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"). He was assigned to work in a prison factory run by Federal Prison Industries, Inc. (also known as "UNICOR") which manufactured office furniture. He was employed by UNICOR on and off between March 23, 1999 and March 31, 2003. According to Appellant, air in the factory was full of particle and silica dust from the saws and secondhand smoke ("environmental tobacco smoke" or "ETS") from employees who smoked tobacco products outside of designated smoking areas. Additionally, he maintains that there were insufficient exhaust fans in the factory to mitigate either of these problems. Appellant claims that, during the course of his employment, he repeatedly complained to prison staff about his exposure to the silica dust and ETS in the factory.

On March 31, 2003, upon arriving for work, he and two other inmates were told to return to their housing units. Appellees claim that Appellant was temporarily removed from his job pending an investigation into a piece of unauthorized scrap material found in or around the work station he shared with the two other employees. Appellant claims that

2

his removal was ordered in retaliation for his complaints about being exposed to silica dust and ETS in the factory. On April 8, 2003, Appellant filed a formal request for administrative remedy on these grounds. According to Appellant, at an April 29, 2003 meeting he was influenced by certain Appellees to withdraw his request for administrative remedy in exchange for being reinstated to his job. Appellant withdrew his grievance, but when he was not reinstated, he re-filed it. Appellant claims that he was later offered his job back, but turned down the offer due to the attendant loss of longevity and denial of backpay.

On September 8, 2004, Appellant filed the underlying complaint, alleging, pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 402 U.S. 388 (1971), that Appellees violated his rights under the First and Eighth Amendments by exposing him to ETS and silica dust in the course of his employment and by firing him in retaliation for complaining about the conditions of his employment.[1] Appellees filed a motion to dismiss, arguing that Appellant's Eighth Amendment claim was unexhausted and that his remaining claims should be dismissed under the "total exhaustion" rule. The District Court agreed that Appellant had failed to administratively exhaust his Eighth Amendment claim and, accordingly, dismissed that claim. However, the District Court declined to dismiss Appellant's First Amendment claim, which Appellees conceded was properly exhausted.

---

[1]Appellant also raised a claim pursuant to the Federal Tort Claims Act, which was properly dismissed as time-barred.

After a period of discovery, Appellees moved for summary judgment on Appellant's First Amendment retaliation claim. In support of their motion, Appellees argued that: (1) Appellant's alleged informal complaints prior to his dismissal from UNICOR did not constitute constitutionally protected conduct; (2) Appellant's loss of his job was not sufficiently serious to deter the exercise of his constitutional rights; (3) Appellant failed to demonstrate the requisite nexus between his removal from his job and any constitutionally protected conduct; and (4) Appellees had a legitimate reason for firing Appellant in that an unauthorized piece of scrap material was found in the vicinity of his work area in late March 2003.

Assuming arguendo that Appellant made out a prima facie case of retaliation, the District Court held that Appellees were entitled to summary judgment on Appellant's retaliation claim based on their provision of "sufficient, penologically grounded reasons to support Plaintiff's removal from employment." The District Court held that Appellant provided no evidence to the contrary and actually acknowledged that the investigation could have been the reason he was removed from his job.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision to grant a motion to dismiss de novo. DeHart v. Horn, 390 F.3d 262, 272 (3d Cir. 2004). We also exercise plenary review over the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to Appellant, the non-moving party. See Norfolk Southern Ry. v.

4

Basell USA Inc., 512 F.3d 86, 91 (3d Cir. 2008). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c).

With respect to Appellant's Eighth Amendment claim, the District Court held that a review of Appellant's grievance indicated only a retaliation, and not an Eighth Amendment, claim. Accordingly, the District Court concluded that Appellant failed to exhaust his Eighth Amendment claim and granted Appellees' motion to dismiss. We disagree. In his April 8, 2003 grievance, Appellant states: "I have repeatedly requested that smoking be limited only to the break area and at break time because evidence of smoking is noticeable all over the factory particularly on my work area. UNICOR ETS level, has repeatedly caused and continuing to cause me shortness of breath, sinusitis, lightheadedness, watery-eyes and occasional vomiting." (Supp. App. 120.) He later refers to Appellees' "deliberate indifference to [his] serious health concern." (Id.) Additionally in the Administrative Filings referred to by Appellees in their brief, Appellant repeatedly refers to his complaints "about UNICOR secondhand smoke, and about the health problems caused by UNICOR ETS" (Supp. App. 128 (July 7, 2003 Request for Administrative Remedy)), and "about [his] ailments due to UNICOR excessive secondhand smoke (ETS) and silica dust." (Supp. App. 126 (July 28, 2003 Request for Administrative Remedy); Supp. App. 123 (September 12, 2003 Request for Administrative Remedy).) Tellingly, in his July 21, 2003 Response to Appellant's

5

Request for Administrative Remedy, the Warden explicitly addressed Appellant's "claim of adverse health related to secondhand smoke in the factory." (Supp. App. 129.) In a response dated August 29, 20003, M.E. Ray, Regional Director, recognized that Appellant "filed an administrative remedy concerning the alleged secondhand smoke in the UNICOR factory." (Supp. App. 127.) We conclude that the foregoing grievances and responses indicate that Appellees were on notice that Appellant was complaining both of retaliation and of exposure to ETS and silica dust. See Jones v. Bock, 549 U.S. 199, 219 (2007) (identifying one purpose of exhaustion as allowing prison to address complaint before being subjected to suit); Williams v. Beard, 482 F.3d 637, 640 (3d Cir. 2007) (explaining that primary purpose of PLRA's exhaustion requirement is to alert prison officials to a problem).

In Helling v. McKinney, 509 U.S. 25 (1993), the Supreme Court recognized that a prisoner may state an Eighth Amendment claim for exposure to levels of ETS that pose an unreasonable risk of serious damage to the prisoner's future health. See id. at 35; see also Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). In order to succeed on such a claim, a prisoner must satisfy both the objective and subjective prongs of any Eighth Amendment claim: that the prisoner is being exposed to unreasonably high levels of ETS and that prison officials have been deliberately indifferent to the risk of harm. See 316 F.3d at 262. While we express no opinion on whether Appellant's allegations rise to the level of an Eighth Amendment violation, we conclude that they were sufficient to put Appellees

6

on notice that Appellant intended to raise an Eighth Amendment claim.  Accordingly, we conclude that the District Court erred in holding that Appellant's Eighth Amendment claim was unexhausted.

We agree, however, for the reasons stated by the District Court, that the entry of summary judgment in favor of Appellees on Appellant's retaliation claim was proper. Assuming that Appellant did make out a prima facie case of retaliation, we agree that Appellant has failed to demonstrate the existence of a genuine factual dispute as to whether Appellees had a legitimate reason for removing him from his UNICOR job.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (holding that "once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest").  In their summary judgment motion, Appellees argued and submitted several declarations supporting their position that Appellant was temporarily removed from his job on or around March 31, 2003 based on the discovery of an unauthorized piece of scrap material near his workstation.  In his opposition to Appellees' motion for summary judgment, Appellant did not dispute that the unauthorized material was found near his work station, that an investigation ensued, and that this could have been the reason for his dismissal.  While Appellant did aver that he did not, and still does not, subjectively believe that this was the reason for his

dismissal, a party opposing summary judgment must offer more than his own assertions to support his claim.  See El v. Southeastern Penn. Transp. Auth., 479 F.3d 232, 247 (3d Cir. 2007); Estate of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003).  Because Appellant failed to adduce any evidence to rebut Appellees' assertion, we agree that the entry of summary judgment on this claim was proper.

Based on the foregoing, we will affirm in part and vacate in part and remand for further proceedings consistent with this opinion.